UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| PAUL MOORE, | ) | |
|     *Plaintiff*, | ) | |
| | ) | |
|     *vs.* | ) | 1:12-cv-00113-JMS-MJD |
| | ) | |
| KOHNER PROPERTIES, INCORPORATED, | ) | |
|     *Defendant.* | ) | |

## **ORDER**

Presently before the Court in this diversity-removal action is the Plaintiff's motion to remand. [Dkt. 9.] According to the Plaintiff, a remand is required because the Defendant had no basis to decide that this action exceeded the $75,000 amount in controversy before removal. [Dkt. 4.]

Where—as here—a complaint "provides little information about the value of [the plaintiff's] claims," a defendant may nonetheless satisfy the amount-in-controversy requirement by showing that the defendant had "a good-faith estimate of the stakes … if it is plausible and supported by a preponderance of the evidence." *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006) (citation omitted). Evidence that may permit a defendant to arrive at a good-faith estimate of the amount in controversy may take several forms, including "contentions interrogatories or admissions in state court; … calculation from the complaint's allegations; … reference to the plaintiff's informal estimates or settlement demands; or … affidavits from the defendant's employees or experts, about how much it would cost to satisfy the plaintiff's demands." *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541-542 (7th Cir. 2006) (emphasis added, citations omitted). Federal law grants defendants up to one year to acquire the necessary information. 28 U.S.C. § 1446(b). A defendant may not, however, remove first and acquire a sufficient good-faith belief later. *See Oshana*, 472 F.3d at 510-11 ("The amount in controversy is the amount

required to satisfy the plaintiff's demands in full on the day the suit begins, or in the event of removal, **on the day the suit was removed**." (emphasis added, citations omitted)).

After reviewing the record, the Court finds that the Defendant failed to establish the amount in controversy, although the issue is close enough that the Defendant will be excused from having to pay any fees or costs from the (possibly premature) removal, *see* 28 U.S.C. § 1447(c) (authorizing, but not requiring, fees and costs upon a remand), which the Plaintiff did not ask for in any event, [dkt. 9]. The post-removal inquiries of opposing counsel, which have thus far gone unanswered, [*see* dkt. 12-3 at 1], are irrelevant to the jurisdictional analysis. And the insurer's affidavit is silent as to the client's actual belief in the amount-in-controversy implicated by the vague allegations in the Complaint, a failure of proof that must be charged against the Defendant as the proponent of jurisdiction. [*See* dkt. 12-4 ¶6 (averring to the amount of coverage available, but not as to the amount of coverage potentially implicated).] Further, while the Court would have accepted comparator data from other cases that the insurance company has defended against as a yardstick to measure the amount-in-controversy here, no such comparator data has been provided. *See Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 764 (7th Cir. 2011) (relying upon data from comparator cases to establish good-faith basis for belief as to the amount in controversy).

Because the Defendant jumped the gun, by removing before it could form the required belief as to the amount in controversy, the Court **GRANTS** the Plaintiff's motion to remand, [dkt. 9]. The Clerk is directed to remand this action back to the Marion County Superior Court, as authorized by 28 U.S.C. § 1447.

03/05/2012

*[signature]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Kayla J. Goodfellow
THRELKELD & ASSOCIATES
kgoodfellow@threlkeld-legal.com

Robert D. King Jr.
LAW OFFICE OF ROBERT D. KING, JR, P.C.
rking@robertkinglaw.com

David Ray Thompson
THE LAW OFFICE OF ROBERT D. KING, JR., P.C.
dthompson@robertkinglaw.com

W. Brent Threlkeld
THRELKELD & ASSOCIATES
brent@threlkeld-legal.com